# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN TERHUNE, TERHUNE ENTERPRISES, LLC, RTB GROUP, LLC, MARSHALL DOUGLAS, DOUGLAS INTERNATIONAL ENTERPRISES, LLC, UNSTOPPABLE PERSONAL DEVELOPMENT, LLC, LGI MEDIA, INC., a/k/a Land Group International, Inc.,**

**Plaintiffs,**

**-vs-**  Case No. 6:09-cv-1334-Orl-35DAB

**UNIVERA, INC.,**

**Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION TO SEAL DOCUMENT (Doc. No. 30)**
>
> **FILED:** September 4, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs seek leave to file their financial declarations under seal. According to the motion, the financial declarations of John Terhune, Marshall Douglas and Lynn Land outline in detail the personal financial positions of the Plaintiffs. Plaintiffs contend that this information is "highly confidential" and warrants special protection.

Courts are public venues with public dockets. This common-law right of access to judicial proceedings establishes a presumption that criminal and civil actions should be conducted openly and that judicial records are subject to inspection and copying. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir.2001). To the extent any party or person wishes to avoid the general rule of open records, he or she must comply with the requirements set forth in the District's local rule regarding filings under seal, and establish a sufficient justification for the filing. No such justification is present here.

In support of their motion, Plaintiffs rely on *New Hampshire Indemnity Co., Inc. v. Reid*, No. 3:05-cv-1280, 2007 WL 2972618, at *6 (M.D. Fla. Jul. 27, 2006), which noted that a non-party witness has a "recognized privacy interest" under Florida law in maintaining the confidentiality of her financial bank records. Here, however, it is the Plaintiffs themselves who seek the protection, *not* non-parties. As described by Plaintiffs: "The financial declarations set forth the following: (1) income prior to Univera's contract breaches; (2) income after Univera's contract breaches in 2008 and early 2009; and (3) income as of August 2009 after Univera wrongfully suspended the Terhune Enterprises, LLC's Univera distributorship, the Douglas International Enterprises, LLC's Univera distributorship, and LGI Media, Inc.'s Univera distributorship." (Doc. No. 30 at 2-3). This is not personal and highly confidential information, but business information that is the very subject of the suit. Having filed a suit for damages which must be proven in open court, Plaintiffs have necessarily waived to a certain extent any privacy claim in their financial information.

Even if the Court were to find that this business information was, in fact, private information, that alone does not justify filing under seal. The Court routinely hears matters of a private and

sensitive nature. Indeed, as noted in *United States v. Posner,* 594 F.Supp. 930 (S.D. Fla. 1984), a case cited by Plaintiffs:

> . . . Posner's asserted right of financial privacy is probably insufficient to support the closure of trial proceedings and records. In *Press-Enterprise* [v. Superior Court, 464 U.S. 501(1984)], the Court found that the jurors' right to privacy was insufficient to close voir dire proceedings and in *Globe Newspaper* [Co. v. Superior Court, 457 U.S. 596 (1982)], the Court held that minor victims of sex crimes' right to privacy insufficient to close trial testimony.

*Id.* at 936.

Absent any compelling circumstance justifying overriding the common law right of access to judicial records, the motion is **denied.** The declarations shall be filed publically, or not at all.

**DONE** and **ORDERED** in Orlando, Florida on November 16, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record